UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

QBE SPECIALTY INSURANCE COMPANY,

      Plaintiff,                          Case No. 24-CV-21854-KMW

vs.

CITY OF MIAMI, JOE CAROLLO, et al.,

      Defendants.

_____/

**PLAINTIFF QBE SPECIALTY'S RESPONSE TO OBJECTIONS OF BUSINESS DEFENDANTS [ECF NO. 126] AND CITY DEFENDANTS [ECF NO. 128] TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 120] ON MOTIONS TO DISMISS AND MOTION TO STAY PROCEEDINGS**

Plaintiff, QBE Specialty Insurance Company ("QBE"), respectfully submits this response to the Business Defendants' Objections [ECF 126] and the City Defendants' Objections [ECF No. 128] to the Magistrate Judge's Report and Recommendation ("Report and Recommendation") [ECF No. 120] on the City Defendants' and Carollo's Motions to Dismiss [ECF Nos. 82, 84] and Plaintiff QBE's Motion to Stay Proceedings [ECF No. 100].

The Report and Recommendation is correct and should be adopted by this Court with one crucial exception: unripe claims regarding the duty to indemnify should be stayed, not dismissed. In support, QBE states as follows:

A.    **Response to Business Defendants' Objections**

The Business Defendants assert that they seek to "to correct a factual error" – namely, that the Magistrate Judge "overlooked the fact that a final judgment has been reached" in the *Fuller I* case. This assertion is demonstrably false. The Magistrate Judge was well aware that a judgment was entered in *Fuller I* and that Carollo's appeal of that judgment was (and still is) pending. QBE identified controlling authority establishing that an underlying judgment that is

still on appeal does not give rise to a ripe dispute over the duty to indemnify unless first there is a determination that there is no duty to defend.  See Reply Brief in support of QBE's Motion to Stay [ECF No. 119], pp. 5-6.  As QBE informed the Court, this issue was fully briefed before Judge Moore, who determined based on this case law that the Business Defendants' claims for breach of contract in that action were not ripe because the judgment in *Fuller I* was still on appeal.  *Id.* at p. 6, citing Case No. 1:24-cv-20063-KMM, June 25, 2024 Order, pp. 6-7, ECF No. 32) ("The Court finds that the issues in this Action are not fit for judicial decision because there are multiple issues pending on appeal in the Fuller Lawsuit.").  The fact that the Business Defendants have re-pled as a Counterclaim in this action the same Complaint that Judge Moore dismissed does not render their claims ripe, as *Fuller I* is still on appeal.

The Business Defendants continue to recycle arguments that their Counterclaim is ripe 1) under Florida state law and/or 2) pursuant to contractual provisions of the insurance policies.  Judge Moore explicitly rejected these arguments last year.  See Case No. 1:24-cv-20063-KMM, June 25, 2024 Order, p. 5, ECF No. 32) ("state law and contractual provisions are irrelevant in the Court's consideration of whether Plaintiffs' claims are ripe" (citing cases).

Finally, the introductory paragraph and prayer for relief in the Business Defendants' Objections baldly assert in a single sentence that the Magistrate Judge erred in making "a *sua sponte* recommendation to grant a motion to quash that no party ever filed."  Because this argument was undeveloped, it has been waived.  Moreover, staying (or dismissing) unripe duty-to-indemnify claims necessarily contemplates quashing the Business Defendants' Requests for Production.  Finally, as the Report and Recommendation correctly observes, Fed. R. Civ. P. 26(b)(1)(C) explicitly authorizes a Court to *sua sponte* prohibit irrelevant or disproportionate discovery.  The Business Defendants' Requests for Production are as a matter of law irrelevant

to adjudicating the duty to defend or any other coverage issue in this case, a point made in QBE's Reply Brief, pp. 6-8 [ECF No. 119] and unrebutted by the Business Defendants.[1]

## B. Response to City Defendants' Objections

The essence of the City Defendants' objection is that while the Magistrate Judge was "correct in theory" (City's Objections at p. 3), his legal analysis is trumped by issues of "clutter" (p. 5), their desire for "streamlin[ing]", a fear of confusion of pleadings in an inherently complex matter, and a general burden—the same burden the Business Defendants bore without objection when they answered the Complaint—so much so that this Court should reject the Magistrate Judge's "correct" recommendations. They argue that requiring them to answer a Complaint containing some unripe allegations regarding the duty to indemnify "will result in an unwieldy and repetitive Answer full of caveats, explanations, and references to the dismissed counts that would not be required if QBE amended their Complaint to contain only the applicable allegations, current facts, and defendants." City Defendants' Objections, p. 2.

The City Defendants' concerns are unfounded. If the City Defendants disagree with QBE's allegations that it has no duty to indemnify, all they must do is deny those allegations, as the Business Defendants did. There is nothing onerous about requiring the City Defendants to answer the same Complaint that the Business Defendants answered more than five months ago. See Answer and Counterclaim of Business Defendants, filed July 29, 2024 [ECF No. 63]. General denials will suffice to bring the issues to a forefront and move this case forward. QBE

---

[1] As QBE noted, the Business Defendants' discovery requests are not only irrelevant to the "eight corners" analysis of the duty to defend, but they are also irrelevant as to *any* coverage issue in this case regardless of any allegations that the insurance contracts are ambiguous. See *Safeco Ins. Co. of Am. v. Weissman*, No. 17-62032-CIV-SCOLA/S, 2018 U.S. Dist. LEXIS 238630, at *11-12 (S.D. Fla. Sep. 5, 2018) ("extrinsic evidence, *e.g.*, drafting history of the policy's exclusionary clauses, has no relevance to a determination of whether coverage exists") (citing *Washington Nat. Ins. Corp. v. Ruderman*, 117 So. 3d 943, 945, 951 (Fla. 2013)). See QBE Reply Brief, pp. 6-8.

seeks a speedy adjudication of its duty to defend. Whatever benefits there might be (if any) of having a more streamlined Complaint are outweighed by the need for a prompt adjudication of the duty to defend, an issue that all parties agree is ripe and necessary for resolution of this matter. The pleadings must be closed to obtain this adjudication.

The City Defendants similarly argue that it would be burdensome to require them to answer "outdated" and "inaccurate" allegations, such as those regarding the now-settled Mad Room Lawsuit and those regarding now-stricken counts in *Fuller II*. Preliminarily, this is the first time the City Defendants raised this argument. Having failed to raise it in their Motion to Dismiss, it is waived and they cannot raise it for the first time now.

Moreover, again, if the City Defendants contend an allegation is inaccurate, a general denial will suffice. There is no undue burden to them. Whatever slight burden might result from having to deny "outdated" and "inaccurate" allegations must be weighed against the massive burden to the Court and the other parties of requiring an amendment each time there is some development in any of the five underlying lawsuits—as the City Defendants advocate—a process that would paralyze this case potentially for years until all of the underlying lawsuits are fully and finally resolved.

The duty to defend should be determined early and insurers "should be entitled to an expeditious ruling on coverage; a prompt determination of coverage is in the best interests of the insurer, the insured, and the injured party." *Nat'l Specialty Ins. Co. v. Pat Auto Transp., Inc.*, No. 3:15cv138, 2015 U.S. Dist. LEXIS 190711, at *4 (N.D. Fla. Aug. 10, 2015), citing *Higgins State Farm Fire and Cas. Co.*, 894 So. 2d 5, 15-17 (Fla. 2004), and quoting *FCCI Commercial Ins. Co. v. Armour*, 132 So. 3d 864, 866 (Fla. 2d DCA 2014).

Finally, the City Defendants' fundamental premise that the ripeness doctrine has any

application to the rules of pleading is flawed.  As QBE previously noted, the case-or-controversy requirement merely precludes a court from *adjudicating* unripe claims; it does not prohibit a party from *pleading* them.  Nor does it prohibit a court from staying them once they are pled, just as this Court has done many times.  See QBE Objections [ECF No. 127], pp. 2-3 (citing *Mid-Continent Casualty Co. v. Delacruz Drywall Plastering & Stucco, Inc.,* 766 Fed. Appx. 768, 770 (11th Cir. 2019); *Westchester Surplus Lines Ins. Co. v. Summers Fire Sprinklers*, No. 20-21770-CIV-WILLIAMS, 2021 U.S. Dist. LEXIS 51987 (S.D. Fla. Mar. 19, 2021); *Mt. Hawley Ins. Co. v. H&M Builders, LLC*, No. 1:22-cv-23091-KMM, 2023 U.S. Dist. LEXIS 238521, at *5-8 (S.D. Fla. July 10, 2023) (citing *Delacruz*); *Starr Indem. & Liab. Co. v. Iaero Thrust LLC*, No. 20-CV-22060-MARTINEZ-CIV-WILLIAMS, 2021 U.S. Dist. LEXIS 51987 (S.D. Fla. Mar. 19, 2021)).

## **CONCLUSION**

For the foregoing reasons, QBE respectfully requests the Court to adopt the Report and Recommendation except to the extent that it recommends dismissal of any portion of QBE's Complaint.  Consistent with the jurisdictional requirement that the Court may not adjudicate unripe duty-to-indemnify claims, the Court should simply stay them so as to enable the parties to move forward expeditiously to obtain a ruling on the important issue of QBE's duty to defend.

Respectfully submitted,

**HINSHAW & CULBERTSON LLP**

*/s/ Rory Eric Jurman*
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@hinshawlaw.com
Secondary: vharris@hinshawlaw.com;
rejeserve@hinshawlaw.com

Jenelle E. La Chuisa
Florida Bar No. 539988
Primary: jlachuisa@hinshawlaw.com
Secondary: vharris@hinshawlaw.com

Alfred L. Buchanan
Illinois ARDC No. 6203899
Admitted *Pro Hac Vice*
Primary: abuchanan@hinshawlaw.com
Secondary: sarnold@hinshawlaw.com

**HINSHAW & CULBERTSON LLP**
201 East Las Olas Boulevard, Suite 1450
Ft. Lauderdale, FL 33301
Telephone: (954) 467-7900
Facsimile: (954) 467-1024

*Attorneys for Defendant, QBE Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Rory Eric Jurman
Rory Eric Jurman