UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-21854-CV-WILLIAMS

QBE SPECIALTY INSURANCE COMPANY,

    Plaintiff,

v.

CITY OF MIAMI, *et al.*,

    Defendants.

_____/

## OMNIBUS ORDER

**THIS MATTER** is before the Court on Magistrate Judge Bruce Reinhart's Report and Recommendation (DE 120) ("***Report***") on (1) City of Miami Defendants' Motion to Dismiss QBE's Complaint for Declaratory Judgment (DE 82) ("***Motion to Dismiss***"),[1] which Defendant Joe Carollo joined (DE 84) and (2) Plaintiff QBE Specialty Insurance Company's Motion to Stay Proceedings Concerning Unripe Claims (DE 100) ("***Motion to Stay***").[2] Also pending before the Court is Defendant Joe Carollo's Motion for Extension of Time (DE 133).

The Report recommends that the Motion to Dismiss be granted in part and denied in part, the Motion to Stay be denied as moot, and that the Business Defendants' Requests for Production Nos. 2–16 be quashed as irrelevant. (DE 120 at 15.) Specifically, it recommends that the Court dismiss without prejudice Counts VIII and XII of the Complaint in full and dismiss without prejudice the remaining counts insofar as

---

[1] Plaintiff filed a Response (DE 91), and City of Miami Defendants filed a Reply (DE 96).

[2] All Defendants filed Responses (DE 105; DE 116), and Plaintiff filed a Reply (DE 119).

they seek a declaration about QBE's duty to indemnify. (*Id.*) Finally, the Report recommends that the Court deny the Motion to Dismiss insofar as it seeks to dismiss QBE's requests for a declaration that it has no duty to defend. (*Id.*)

All Parties filed objections to the Report (DE 126; DE 127; DE 128) (collectively "**the Objections**"). Plaintiff filed a Response to Defendants' Objections (DE 132) ("**Response**"). The Court conducted a *de novo* review of the portions of the Report to which any Party objected and a review of the remainder of the Report for clear error.

The Court agrees with each of the recommendations except the conclusion that *Delacruz* mandates dismissal, rather than staying, of all unripe duty to indemnify claims. (DE 120 at 6–7) (referring to *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768 (11th Cir. 2019)). The Report characterizes *Delacruz* as a published opinion creating binding law in this Circuit that indemnification is not ripe until after the underlying litigation is over. (*Id*. at 7.) As set forth in the Report, because "the sole remaining act" a court may take when it lacks subject-matter jurisdiction over an unripe claim is dismissal, *Delacruz* requires the Court to dismiss the unripe duty to indemnify claims in this case. (*Id*. at 6–7) (quoting *Morrison* v. *Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000)).

Plaintiff objects to this analysis for two reasons. First, Plaintiff points out that *Delacruz* was published in the Federal Appendix, so it "does not constitute binding authority." (DE 127 at 6) (quoting *Wash v. Quest Diagnostics, Inc.*, No 08-61863-CIV-ZLOCH/ROSENBAUM, 2010 WL 11504202, at *3 n.5 (S.D. Fla. June 29, 2010)); *see also* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."); *Searcy v. R.J. Reynolds Tobacco Co.,* 902

F.3d 1342, 1355 n.5 (11th Cir. 2018) (describing a case published in the Federal Appendix as an "unpublished case" that "do[es] not constitute binding authority").

Second, Plaintiff argues that *Delacruz* does not stand for the proposition that a court should dismiss, rather than stay, unripe duty to indemnify claims when ripe duty to defend claims also exist, because the plaintiff in *Delacruz* included only duty to indemnify claims in its operative complaint. (DE 127 at 3) (citing *Delacruz*, 766 F. App'x at 772). Indeed, in *Delacruz*, the court never discussed the merits of staying unripe duty to indemnify claims while allowing ripe duty to defend claims to proceed. The *Delacruz* court held only that the plaintiff's duty to indemnify claims were "not ripe for adjudication until the underlying lawsuit [was] resolved," so it was not an abuse of discretion to dismiss those claims. *Delacruz*, 766 F. App'x at 772. The other cases cited in the Report to support the conclusion that an unripe claim must be dismissed rather than stayed, despite the presence of ripe claims, similarly do not articulate that proposition. *See Morrison* v. *Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (explaining that when a court lacks subject-matter jurisdiction over an entire case, as when state law claims do not satisfy diversity jurisdiction, the federal case must be dismissed); *Sullivan v. Everett Cash Mutual Ins. Co.*, No. 19-11943, 2023 WL 1521579, at *4 (11th Cir. Feb. 3, 2023) (holding that "a claim that is not ripe under federal law has a value of zero for amount-in-controversy purposes," but not analyzing the issue of whether an unripe claim can be stayed when amidst ripe claims).

The Court is persuaded by Plaintiff's interpretation and by the cases, before and after *Delacruz*, where courts stayed unripe duty to indemnify claims while allowing ripe duty to defend claims to proceed. *See, e.g.*, *Arch Specialty Ins. Co. v. Lake Villa Condo.*

*Ass'n*, No. 21-22252-CIV-MARTINEZ, 2022 WL 18779659, at *4–5 (S.D. Fla. Mar. 24, 2022) (staying indemnity claims while proceeding with duty to defend claims); *Pa. Mfrs.' Ass'n Ins. Co. v. N. Am. Auto. Servs., Inc.*, No. 19-81248-CIV-DIMITROULEAS, 2020 WL 6364999, at *2 (S.D. Fla. Mar. 12, 2020) (same); *Hartford Fire Ins. Co. v. Weathertrol Maint. Corp.,* No. 16-24509-CIV-ALTONAGA/O'Sullivan, 2017 WL 5643298, at *5 (S.D. Fla. Feb. 21, 2017) ("Where a premature request for declaratory relief regarding the duty to indemnify is joined to a ripe request for declaratory relief regarding the duty to defend, a well-accepted practice is to retain jurisdiction over the latter request and stay, but not dismiss, the premature request."); *Evanston Ins. Co. v. Gaddis Corp.*, 145 F. Supp. 3d 1140, 1153 (S.D. Fla. 2015) (staying indemnification issue after finding there was a duty to defend).[3] Consequently, the Court disagrees with the Report as to the appropriateness of a stay.

Therefore, having carefully reviewed the Report, the Objections and Response, the record, and applicable law, it is **ORDERED AND ADJUDGED** as follows:

1. The Report (DE 120) is **AFFIRMED IN PART AND REJECTED IN PART.**
2. City of Miami Defendants' Motion to Dismiss (DE 82) is **DENIED**.
3. Plaintiff's Motion to Stay Proceedings Concerning Unripe Claims (DE 100) is **GRANTED**. All proceedings except for the ripe duty to defend claims are **STAYED** pending full and final resolution of the Underlying Lawsuits or until further order of the Court.
4. Business Defendants' Requests for Production to Plaintiff Nos. 2-16 (DE 100-1 at 9–11) are **QUASHED**.

---

[3] City of Miami Defendants acknowledge that "[w]hether to dismiss or stay indemnification issues is left to the Court's discretion." (DE 96 at 9.)

5. City of Miami Defendants and Joe Carollo shall file answers to the Complaint (DE 1) on or before **February 27, 2025**.

6. The Court will issue an amended scheduling order following this Order.

7. The new deadline for Parties to move to amend pleadings or join parties will be specified in the amended scheduling order. Accordingly, Joe Carollo's Motion for Extension of Time (DE 133) is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 13th day of February, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE